ARKANSAS STATE HIGHWAY COMMISSION *v.*
ALTON MASSEY ET UX

5-6126                                                    489 S.W. 2d 19

Opinion delivered January 15, 1973

*Thomas B. Keys, Kenneth R. Brock* and *Regina W. Johns,* for appellant.

*J. D. Patterson, Roger V. Logan Jr.* and *W. Wade Berryhill,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant asserts that the trial court erred in refusing to strike the testimony of Ray Wheeler, a real estate value expert witness on behalf of the appellee-landowner, in an eminent domain action. Appellant contends that it demonstrated by cross-examination of Wheeler that his testimony was based upon hearsay rather than actual knowledge of the highway construction plans as they related to the lands of appellees remaining after the taking of 3.05 acres out of a 208-acre stock and dairy farm. We find no reversible error.

Wheeler's qualifications as an expert witness are not attacked. He described the Massey farm as one of the "show" farms of the area. He told of the nice house,

beautiful lawn, the well-kept barn and fencing and the advantageous gradual slope of the land from these buildings to the highway before the taking. According to Wheeler, the essential damage lay in the taking of the yard in front of the dwelling house, the lowering of the road and water damage to the field. He stated that, in his opinion, there were damages amounting to $7,500 for severance to the homesite, lowering of the road and the taking of the lawn. He was also of the opinion that there were damages amounting to $5,000 for water damage to a field and the raising of the road above the field which made the approach and access less desirable.

Appellant contends that this testimony lacked a reasonable basis because the witness admitted that he had not studied the cross-sections on the highway construction plans before making his appraisal, but had accepted information given him by Mr. Massey relating to the relative highway elevations. Wheeler said that he had not examined the plans before the day of the trial and was unable to state the number of feet the roadway would be lowered. He commented that he was not an engineer.

The plans were an exhibit and, on direct examination, these plans were shown to the witness by appellees' attorney who described one line indicating the existing terrain, another, the proposed terrain, the scale applicable, a fill from station 323 to station 325 and a cut into the existing terrain from that point to stations 327 and 328, all indicated on the plans. Thereafter the witness testified that he had looked at the property and the existing construction and understood what the attorney was talking about on the set of construction plans and understood the proposed grade and that his estimate of damages took all these things into consideration. Wheeler then said that the $7,500 element of damage was attributable to the taking of one-half of the Massey yard for right-of-way. Although he was unable to state the number of feet between the right-of-way and the house, either before or after the taking, the witness said that he could see the right-of-way stakes and that they were in the middle of the yard.

As appellees point out, Gary Godfrey, a resident engineer for appellant in charge of construction of the

road, was called as a witness by the landowners. During the course of his testimony, it was admitted that the completed construction would be according to the plans shown to Wheeler. Godfrey was asked specifically about ditches, slopes, fills, cuts, lines indicating elevation of the existing road and the proposed construction. The examination of this witness and his explanation of the plans were such that it is highly unlikely that the jury could have been misled, as to the location of the right-of-way lines and the location and elevation of cuts, fills and ditches.

Appellant has not pointed out to us the particulars in which the information Wheeler had at the time of his appraisal was erroneous. Since we cannot say that the witness had no reasonable basis for his testimony, we affirm the judgment.